**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rene Osvaldo SALINAS–ROMO,**
**Defendant–Appellant,**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Rene Osbaldo Salinas–Romo, also known as Arnoldo Guzman–Romo, Defendant–Appellant.**

Nos. 02–41751, 03–40007.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Assistant US Attorney, Houston, TX, Mark Michael Dowd, US Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Reynaldo Santos Cantu, Jr., Roland E. Dahlin, II, Federal, Public Defender, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

---

PER CURIAM.*

Rene Osvaldo Salinas–Romo appeals his guilty-plea conviction and sentence for being found illegally present in the United States after deportation as well as the subsequent revocation of a term of supervised release from an earlier conviction. He argues, pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. Salinas concedes that this argument is foreclosed and he raises it for possible review by the Supreme Court.

This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.